The Honorable Richard A. Jones

```
_____ FILED    _____ ENTERED
_____ LODGED   _____ RECEIVED

    MAY 08 2024
        AT SEATTLE
   CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR23-017RAJ |
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| STEPHEN A. BAIRD, | |
| Defendant. | |

The United States, through United States Attorney Tessa M. Gorman and Assistant United States Attorney Seth Wilkinson and Special Assistant United States Attorney Jessica Ly, and STEPHEN A. BAIRD and his attorneys, Assistant Federal Public Defenders Sara Brin and Jesse Cantor, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a guilty plea to the crime of Wire Fraud in violation of Title 18, United States Code, Section 1343, as charged in Count 6 of the Indictment.

1    By entering this guilty plea, Defendant hereby waives all objections to the form of

2  the charging document. Defendant further understands that before entering any guilty

3  plea, Defendant will be placed under oath. Any statement given by Defendant under oath

4  may be used by the United States in a prosecution for perjury or false statement.

5    2.    **Elements of the Offense.** The elements of the offense to which Defendant

6  is pleading guilty are as follow:

7    First, the defendant knowingly devised a scheme or plan to defraud, for the
     purpose of obtaining money or property by means of false or fraudulent
8    pretenses, representations or promises, or omitted facts;

9    Second, the statements made or facts omitted as part of the scheme were
     material; that is, they had a natural tendency to influence, or were capable
10   of influencing, a person to part with money or property;

11
     Third, the defendant acted with the intent to defraud, that is, the intent to
12   deceive and cheat; and

13
     Fourth, the defendant used, or caused to be used, an interstate wire
14   communication to carry out or attempt to carry out an essential part of the
     scheme.
15

16    3.    **The Penalties.** Defendant understands that the statutory penalties

17  applicable to the offense to which Defendant is pleading guilty are as follows:

18  imprisonment for up to twenty years, a fine of up to two hundred fifty thousand dollars, a

19  period of supervision following release from prison of up to three years, and a one-

20  hundred-dollar special assessment.  If Defendant receives a sentence of probation, the

21  probationary period could be up to five years.  Defendant agrees that the special

22  assessment shall be paid at or before the time of sentencing.

23    Defendant understands that supervised release is a period of time following

24  imprisonment during which Defendant will be subject to certain restrictive conditions and

25  requirements. Defendant further understands that, if supervised release is imposed and

26  Defendant violates one or more of the conditions or requirements, Defendant could be

27

*United States v. Baird*, CR23-0017RAJ
Plea Agreement - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   returned to prison for all or part of the term of supervised release that was originally

2   imposed. This could result in Defendant serving a total term of imprisonment greater than

3   the statutory maximum stated above.

4        Defendant understands that as a part of any sentence, in addition to any term of

5   imprisonment and/or fine that is imposed, the Court may order Defendant to pay

6   restitution to any victim of the offense, as required by law.

7        Defendant further understands that the consequences of pleading guilty may

8   include the forfeiture of certain property, either as a part of the sentence imposed by the

9   Court, or as a result of civil judicial or administrative process.

10       Defendant agrees that any monetary penalty the Court imposes, including the

11  special assessment, fine, costs, or restitution, is due and payable immediately and further

12  agrees to submit a completed Financial Disclosure Statement as requested by the United

13  States Attorney's Office.

14       Defendant understands that, if pleading guilty to a felony drug offense, Defendant

15  will become ineligible for certain food stamp and Social Security benefits as directed by

16  Title 21, United States Code, Section 862a.

17       4.    **Immigration Consequences.** Defendant recognizes that pleading guilty

18  may have consequences with respect to Defendant's immigration status if Defendant is

19  not a citizen of the United States. Under federal law, a broad range of crimes are grounds

20  for removal, and some offenses make removal from the United States presumptively

21  mandatory. Removal and other immigration consequences are the subject of a separate

22  proceeding, and Defendant understands that no one, including Defendant's attorney and

23  the Court, can predict with certainty the effect of a guilty plea on immigration status.

24  Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any

25  immigration consequences that Defendant's guilty plea may entail, even if the

26  consequence is Defendant's mandatory removal from the United States.

27

*United States v. Baird*, CR23-0017RAJ
Plea Agreement - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    5.    **Rights Waived by Pleading Guilty.** Defendant understands that by

2  pleading guilty, Defendant knowingly and voluntarily waives the following rights:

3         a.    The right to plead not guilty and to persist in a plea of not guilty;

4         b.    The right to a speedy and public trial before a jury of Defendant's

5  peers;

6         c.    The right to the effective assistance of counsel at trial, including, if

7  Defendant could not afford an attorney, the right to have the Court appoint one for

8  Defendant;

9         d.    The right to be presumed innocent until guilt has been established

10 beyond a reasonable doubt at trial;

11        e.    The right to confront and cross-examine witnesses against Defendant

12 at trial;

13        f.    The right to compel or subpoena witnesses to appear on Defendant's

14 behalf at trial;

15        g.    The right to testify or to remain silent at trial, at which trial such

16 silence could not be used against Defendant; and

17        h.    The right to appeal a finding of guilt or any pretrial rulings.

18    6.    **United States Sentencing Guidelines.** Defendant understands and

19 acknowledges that the Court must consider the sentencing range calculated under the

20 United States Sentencing Guidelines and possible departures under the Sentencing

21 Guidelines together with the other factors set forth in Title 18, United States Code,

22 Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the

23 history and characteristics of Defendant; (3) the need for the sentence to reflect the

24 seriousness of the offense, to promote respect for the law, and to provide just punishment

25 for the offense; (4) the need for the sentence to afford adequate deterrence to criminal

26 conduct; (5) the need for the sentence to protect the public from further crimes of

27 Defendant; (6) the need to provide Defendant with educational and vocational training,

*United States v. Baird*, CR23-0017RAJ
Plea Agreement - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7.    **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8.    **Statement of Facts.** Defendant admits he executed a scheme to defraud in connection with his promotion and sale of S-Ray stock, and is therefore guilty of the crime of Wire Fraud. Defendant admits the specific facts set out below, which the parties agree are sufficient to support his guilty plea. The parties disagree about the scope and duration of the scheme to defraud and the amount of the loss resulting from it. The parties agree those matters should be determined by the Court at the time of sentencing.

Specifically, Defendant understands that, in addition to the admitted facts set forth below, the government contends that Defendant's scheme to defraud included all of the conduct described in the Indictment. Defendant understands the government will seek to prove that the scheme to defraud began no later than 2012, and that the fraud loss exceeds

*United States v. Baird*, CR23-0017RAJ
Plea Agreement - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    $10.75 million.  Defendant understands that, in connection with the preparation of the

2    Presentence Report and at sentencing, the government will present evidence in support of

3    the allegations in the Indictment in addition to those facts admitted below. Defendant

4    understands that he will also be permitted to present evidence at sentencing. Defendant

5    agrees that, if the Court finds by a preponderance of the evidence that any additional

6    allegations are substantiated, the Court may consider that conduct, in addition to the

7    conduct admitted herein, as offense conduct and/or relevant conduct in determining

8    Defendant's Sentencing Guideline range and the appropriate sentence.

9            Defendant admits the following facts:

10           a.      **Background:**  In 2008, BAIRD co-founded S-Ray Corp, which was

11   subsequently re-formed as S-Ray Incorporated. The purpose of S-Ray was to develop

12   dental devices that used ultrasound technology. At times S-Ray had offices in

13   Washington, Oregon, and California.

14           b.      BAIRD was the sole board member of S-Ray from 2010 to 2021.

15   From 2008 until January of 2018, BAIRD was the Chief Executive Officer of S-Ray

16   Incorporated. From January 2018 until August of 2018, another person served as Chief

17   Executive Officer, while BAIRD remained the Chairman. After the CEO's departure,

18   BAIRD became "Executive Chairman." BAIRD executed a series of employment

19   agreements that provide that he would receive total annual compensation of $400,000. In

20   December 2018, BAIRD agreed to forgo his salary and bonus until the company was sold

21   or was publicly listed.

22           c.      Between S-Ray's founding and March of 2021, BAIRD participated

23   in soliciting and receiving capital for S-Ray. BAIRD provided information to investors

24   and prospective investors via S-Ray email updates, which BAIRD drafted and/or

25   approved. BAIRD approved and caused to be distributed to potential investors

26   Confidential Offering Documents in March 2017 and January 2019.

27

1        d.     The investment materials told prospective investors that S-Ray was

2 developing dental devices that used ultrasound technology for a variety of dental

3 purposes. One such device was referred to as "Clearview LAB" and another was referred

4 to as Clearview SCAN (sometimes described as an "intraoral wand or probe"), which

5 would be inserted into patients' mouths and use ultrasound technology to create an

6 image.

7        e.     While S-Ray at times engaged in product development, it never

8 developed a product that was sold.

9        f.     From April 2019 on, BAIRD was the sole employee, board member

10 and corporate officer involved in S-Ray.

11        g.     ***The Scheme to Defraud:***  BAIRD, with intent to defraud, knowingly

12 devised a scheme or plan to defraud for the purpose of obtaining money or property by

13 means of materially false or fraudulent pretenses, representations or promises. BAIRD

14 executed the scheme to defraud by causing interstate wire transmissions to be sent in

15 furtherance of the scheme to defraud. The scheme to defraud involved false and

16 fraudulent pretenses, representations, or promises about matters material to investors and

17 prospective investors in their decision to purchase S-Ray stock.

18        h.     Throughout the development of ClearView SCAN, S-Ray had the

19 goal of achieving market clearance from the Food and Drug Administration (FDA).

20 BAIRD and other S-Ray employees communicated with shareholders about this goal and

21 steps being taken to achieve the goal.

22        i.     S-Ray never applied for or obtained FDA market clearance for any

23 product.

24        j.     In October 2017, however, S-Ray posted a notice on its website

25 stating that "WE DID IT!," referring to "FDA Clearance." In January 2018, BAIRD

26 caused an email to be sent to investors stating that "we have received Food and Drug

27 Administration Clearance for Clearview SCAN."

*United States v. Baird*, CR23-0017RAJ                      UNITED STATES ATTORNEY
Plea Agreement - 7                                 700 STEWART STREET, SUITE 5220
                                               SEATTLE, WASHINGTON 98101
                                                 (206) 553-7970

1    k.      In a March 18, 2019 email sent to shareholders via interstate wire

2  transmission, BAIRD wrote that, "In 2017 we built a functional prototype of an intraoral

3  wand with both optical and ultrasound scanning. That enabled us to gain FDA market

4  clearance to offer the product for sale, which we have been doing." In fact, S-Ray did not

5  have FDA market clearance and S-Ray was not offering any product for sale.

6    l.      When BAIRD sent the March 18, 2019 email to shareholders, he

7  knew S-Ray was not offering any product for sale. BAIRD also either knew that S-Ray

8  had not obtained FDA market clearance for ClearView SCAN or was aware of a high

9  probability that S-Ray had not obtained FDA market clearance for ClearView SCAN and

10  deliberately avoided learning the truth.

11    m.      On or about August 7, 2019, S-Ray deposited a $21,000 check from

12  Kentucky investor J.K. into its Kitsap Bank account in Washington, causing an interstate

13  wire transmission that was an essential part of the scheme to defraud.

14    The parties agree that the Court may consider additional facts contained in the

15  Presentence Report (subject to standard objections by the parties) and/or that may be

16  presented by the United States or Defendant at the time of sentencing, and that the factual

17  statement contained herein is not intended to limit the facts that the parties may present to

18  the Court at the time of sentencing.

19    9.   **Sentencing Factors.** The parties agree that the following Sentencing

20  Guidelines provision applies to this case:

21    A base offense level of seven, pursuant to USSG Section 2B1.1(a)(1).

22    The parties have not reached any other agreements regarding the Sentencing

23  Guidelines and agree they are free to present arguments regarding the applicability of all

24  other provisions of the United States Sentencing Guidelines. Defendant understands,

25  however, that at the time of sentencing, the Court is free to reject these stipulated

26  adjustments, and is further free to apply additional downward or upward adjustments in

27  determining Defendant's Sentencing Guidelines range.

*United States v. Baird*, CR23-0017RAJ
Plea Agreement - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

10.     **Acceptance of Responsibility.** BAIRD understands that the government believes he has not admitted to all of the offense conduct. BAIRD understands that, if the government believes at the time of sentencing that BAIRD has falsely denied or frivolously contested relevant conduct that the Court determines to be true, the government will argue that Defendant is not entitled to credit for acceptance of responsibility. Defendant further understands that, *if* Defendant qualifies for acceptance of responsibility, the government does not intend to make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant did not assist the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11.     **Sentencing Recommendations.** The government agrees to recommend a custodial sentence of no more than 84 months. Defendant is free to recommend any sentence. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12.     **Restitution.** Defendant agrees to pay restitution in the amount of the losses to investors resulting from the fraud as determined by the Court at the time of sentencing, with credit for any amounts paid to victims of this offense in connection with *Securities and Exchange Commission v. Baird et al,* CV22-5150JHC. Defendant understands that the government will argue that the scheme to defraud associated with the count to which he is pleading guilty began at least by 2012, and that Defendant should therefore be required to pay restitution for all investments made from that date forward. In exchange for the agreements by the United States contained in this Plea Agreement, Defendant

*United States v. Baird*, CR23-0017RAJ
Plea Agreement - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   agrees that restitution in this case should not be limited to the offense of conviction.

2   Defendant is aware that the United States will present evidence supporting an order of

3   restitution for all losses caused by all of Defendant's criminal conduct known to the

4   United States at the time of Defendant's guilty plea to include those losses resulting from

5   crimes not charged or admitted to by Defendant in the Statement of Facts. Defendant

6   agrees that Defendant will be responsible for any order by the Court requiring the

7   payment of restitution for such losses.

8         a.    The full amount of restitution shall be due and payable immediately

9   on entry of judgment and shall be paid as quickly as possible. If the Court finds that

10   Defendant is unable to make immediate restitution in full and sets a payment schedule as

11   contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule

12   represents a minimum payment obligation and does not preclude the United States

13   Attorney's Office from pursuing any other means by which to satisfy Defendant's full

14   and immediately-enforceable financial obligation, including, but not limited to, by

15   pursuing assets that come to light only after the district court finds that Defendant is

16   unable to make immediate restitution.

17         b.    Defendant agrees to disclose all assets in which Defendant has any

18   interest or over which Defendant exercises control, directly or indirectly, including those

19   held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the

20   United States' investigation identifying all property in which Defendant has an interest

21   and with the United States' lawful efforts to enforce prompt payment of the financial

22   obligations to be imposed in connection with this prosecution. Defendant's cooperation

23   obligations are: (1) before sentencing, and no more than 30 days after executing this Plea

24   Agreement, truthfully and completely executing a Financial Disclosure Statement

25   provided by the United States Attorney's Office and signed under penalty of perjury

26   regarding Defendant's and Defendant's spouse's financial circumstances and producing

27   supporting documentation, including tax returns, as requested; (2) providing updates with

*United States v. Baird*, CR23-0017RAJ
Plea Agreement - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven

2   days of the event giving rise to the changed circumstances; (3) authorizing the United

3   States Attorney's Office to obtain Defendant's credit report before sentencing; (4)

4   providing waivers, consents or releases requested by the United States Attorney's Office

5   to access records to verify the financial information; (5) authorizing the United States

6   Attorney's Office to inspect and copy all financial documents and information held by

7   the U.S. Probation Office; (6) submitting to an interview or deposition regarding

8   Defendant's Financial Statement and supporting documents before sentencing (if

9   requested by the United States Attorney's Office), and fully and truthfully answering

10  questions during such interview or deposition; and (7) notifying the United States

11  Attorney's Office before transferring any interest in property owned directly or indirectly

12  by Defendant, including any interest held or owned in any other name, including all

13  forms of business entities and trusts.

14         c.     The parties acknowledge that voluntary payment of restitution prior

15  to the adjudication of guilt is a factor the Court considers in determining whether

16  Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a). In

17  addition, in any event, the government will consider Defendant's cooperation regarding

18  restitution in making its sentencing recommendation.

19         13.    **Forfeiture of Assets.** Defendant understands that the forfeiture of property

20  is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the

21  United States immediately Defendant's right, title, and interest in any and all property

22  that constitutes or is derived from proceeds Defendant obtained from his commission of

23  the wire-fraud scheme described above, as charged in Count 6 of the Indictment. All such

24  property is forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), by

25  way of, Title 28, United States Code, Section 2461(c), and includes, but is not limited to:

26         a.     any specific property that the Court determines constitutes or derives

27  from proceeds of the wire-fraud scheme; and

1          b.     a judgment for a sum of money ("Forfeiture Money Judgment") in

2 an amount to be determined by the Court representing the proceeds Defendant obtained

3 from his commission of the Wire-Fraud scheme.

4       Defendant understands and acknowledges the Forfeiture Money Judgment is

5 separate and distinct from the restitution that is ordered in this case. The United States

6 agrees that any specific property forfeited to the United States will be credited against the

7 balance of the Forfeiture Money Judgment.

8       Defendant agrees to fully assist the United States in the forfeiture of any property

9 ordered by the Court, and to take whatever steps are necessary to pass clear title to the

10 United States, including but not limited to: surrendering title and executing any

11 documents necessary to effect forfeiture; assisting in bringing any assets located outside

12 the United States within the jurisdiction of the United States; and taking whatever steps

13 are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted,

14 hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim

15 to any of the above-described property in any federal forfeiture proceeding,

16 administrative or judicial, which may be or has been initiated.  The Defendant further

17 agrees not to assist any party who may file a claim to this property in any federal

18 forfeiture proceeding.

19      Defendant agrees that the statutory criteria set forth in Title 21, United States

20 Code, Section 853(p)(1) have been satisfied. Defendant agrees that the United States

21 may, at its discretion, request that the Court authorize the forfeiture of substitute assets

22 pursuant to Title 21, United States Code, Section 853(p)(2), of any property of Defendant

23 up to the then-outstanding balance of the Forfeiture Money Judgment.

24 The United States reserves its right to proceed against any remaining property not

25 identified in this Plea Agreement, including any property in which Defendant has any

26 interest or control, if that property constitutes or is traceable to proceeds of his

27 commission of the Wire-Fraud scheme described above.

*United States v. Baird*, CR23-0017RAJ
Plea Agreement - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       14.     **Abandonment of Contraband.** Defendant also agrees that, if any federal

2  law enforcement agency seized any illegal contraband that was in Defendant's direct or

3  indirect control, Defendant consents to the federal administrative disposition, official use,

4  and/or destruction of that contraband.

5       15.     **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement,

6  the United States Attorney's Office for the Western District of Washington agrees not to

7  prosecute Defendant for any additional offenses known to it as of the time of this Plea

8  Agreement based upon evidence in its possession at this time, and that arise out of the

9  conduct giving rise to this investigation, and will move to dismiss the remaining counts in

10  the Indictment at the time of sentencing.  In this regard, Defendant recognizes the United

11  States has agreed not to prosecute all of the criminal charges the evidence establishes

12  were committed by Defendant solely because of the promises made by Defendant in this

13  Plea Agreement. Defendant agrees, however, that for purposes of preparing the

14  Presentence Report, the United States Attorney's Office will provide the United States

15  Probation Office with evidence of all conduct committed by Defendant.

16       Defendant agrees that any charges to be dismissed before or at the time of

17  sentencing were substantially justified in light of the evidence available to the United

18  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

19  with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

20  (1997).

21       16.     **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if

22  Defendant breaches this Plea Agreement: (a) the United States may withdraw from this

23  Plea Agreement and Defendant may be prosecuted for all offenses for which the United

24  States has evidence; (b) Defendant will not oppose any steps taken by the United States

25  to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

26  Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges

27  that previously were dismissed or any additional charges that had not been prosecuted.

*United States v. Baird*, CR23-0017RAJ
Plea Agreement - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17.     **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable).

Defendant also agrees that, by entering the guilty plea required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the

effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction. Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18.     **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19.     **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

20.     **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District

*United States v. Baird*, CR23-0017RAJ
Plea Agreement - 15

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  of Washington. It does not bind any other United States Attorney's Office or any other

2  office or agency of the United States, or any state or local prosecutor.

3      Dated this 8ᵗʰ day of May_____, 20 24

STEPHEN A. BAIRD
Defendant

SARA BRIN
Assistant Federal Public Defender
Attorney for Defendant

JESSE CANTOR
Assistant Federal Public Defender
Attorney for Defendant

SETH WILKINSON
Assistant United States Attorney

JESSICA LY
Special Assistant United States Attorney

*United States v. Baird*, CR23-0017RAJ
Plea Agreement - 16

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970